# 95 DTA 208

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

ANA S. RODRIGUEZ
Peticionaria

v.

NESTOR D. RAMIREZ
Recurrido

Núm. KLCE-95-00227

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidente, Juez Brau Ramírez,
y los Jueces Colón Birriel y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El Procurador General de Puerto Rico recurre, por vía de *certiorari*, de una resolución emitida el 8 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de Mayaguez, denegando una reclamación sobre alimentos bajo la Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos, Ley Núm. 71 de 20 de junio de 1956, 32 L.P.R.A. secs. 3311 y ss., interpuesta contra el recurrido Néstor D. Ramírez por el Departamento de Salud y Servicios de Rehabilitación del Estado de Florida, en representación de la peticionaria Ana S. Rodríguez y para beneficio de la menor María Fernanda Ramírez.

El 17 de mayo de 1995, emitimos resolución concediendo un término a la parte recurrida para que compareciera a mostrar causa por la cual no debía revocarse la resolución recurrida. El 22 de junio de 1995, dicha parte compareció, allanándose al remedio solicitado por la parte peticionaria. Revocamos.

### II

Según surge de los documentos sometidos en apoyo del recurso, el 15 de octubre de 1992 la peticionaria y el recurrido se divorciaron por decreto judicial emitido en la Corte de Circuito del Circuito Judicial 19 para el Circuito de Martín, del Estado de Florida. En dicho dictamen se le impuso al recurrido la obligación de pagar la suma de trescientos dólares ($300.00) mensuales como pensión alimenticia a su hija María Fernanda Ramírez, fruto de dicho matrimonio, comenzando el 1ro. de julio de 1992.

El recurrido incumplió con esta obligación desde el principio. En vista de ello, la peticionaria solicitó y obtuvo asistencia económica del Departamento de Salud y Servicios de Rehabilitación del Estado de la Florida a razón de $241.00 mensuales como ayuda para el sostenimiento de su hija menor.

Por virtud de la ley del Estado de Florida, conocida como *"Revised Uniform Reciprocal Enforcement of Support Act (1968)"*, Florida Statutes Annotated, Chapter 88, Volume 6 (1987), el Departamento de Salud y Servicios de Rehabilitación de dicho estado puede subrogarse en los derechos de la menor y/o la persona que posee su custodia para reclamar judicialmente, entre otras cosas, el pago por los atrasos en el pago de la pensión alimenticia, a los fines de obtener el reembolso de los gastos en que ha incurrido. El estatuto, además, le faculta a solicitar judicialmente que el alimentante continúe prestando alimentos.

Amparándose en dicho estatuto, el 18 de octubre de 1993, el Departamento de Salud y Servicios de Rehabilitación de la Florida y la peticionaria Ana S. Rodríguez, en representación de su hija menor de edad María Fernanda Ramírez, presentaron en la Corte Superior del Condado de Martín del Estado de la Florida, una demanda sobre reclamación de alimentos y cobro de pensiones alimenticias atrasadas por la cantidad de $4400, contra el recurrido Néstor D. Ramírez, ex-esposo de la peticionaria y padre de la referida menor.

Luego de los trámites pertinentes y debido a que el demandado residía en Mayaguez, Puerto Rico, la corte de Florida ordenó la remisión de copia certificada de los autos del caso a la Oficina de Administración de Tribunales de Puerto Rico, para que, conforme la citada Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos de Puerto Rico, 32 L.P.R.A. secs. 3311 y ss., se presentara una querella en los tribunales locales en relación con el caso. A esos efectos, el 23 de junio de 1994 el Procurador Especial de Relaciones de Familia de Puerto Rico presentó, en representación de la peticionaria, una querella sobre reclamación de alimentos y pago de atrasos de la pensión de alimentos en el Tribunal Superior, Sala de Mayaguez, contra el recurrido.

Mediante resolución de 17 de octubre de 1994 el Tribunal fijó una pensión alimenticia provisional de $25.00 semanales. El 28 de octubre de 1994 el recurrido presentó una Moción Informativa donde impugnó como impropia la suma de dinero reclamada, atacó la validez de la sentencia de divorcio en cuanto a la fijación de la pensión alimenticia y solicitó que la suma de dinero reclamada por los atrasos fuera modificada, por ser ésta contraria a los Arts. 146 y 147 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 565 y 566. El Procurador se opuso a dicha solicitud.

El 8 de febrero de 1995, el Tribunal de Primera Instancia emitió el dictamen recurrido, disponiendo que:

*"Evaluados los argumentos de los abogados de las partes, el Tribunal releva al Sr. Néstor D. Ramírez de pagar el retroactivo reclamado por el Estado de Florida por ser dicha "reclamación" contraria de lo dispuesto en los Artículos 146 y 147 de nuestro Código Civil. Señálese vista ante la Oficial Examinadora de pensiones para fijar pensión final conforme a las guías mandatorias."*

El Procurador solicitó la reconsideración del anterior dictamen y el tribunal la declaró no ha lugar el 16 de marzo de 1995.

Inconforme con dicho dictamen, el Procurador General de Puerto Rico, en representación de la peticionaria, acudió a este Tribunal, por vía de *certiorari*, alegando que el Tribunal erró al entender que la reclamación instada por la peticionaria era una reclamación retroactiva de pensiones y contraria a derecho.

### III

La Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos dispone en su sección 8, 32 L.P.R.A. sec. 3313a, que:

*"Cuando un estado o una subdivisión política del mismo ha suministrado alimentos a una persona con derecho a los mismos, tal estado tendrá los mismos derechos que el alimentista para invocar las disposiciones de las secs. 3311 et seq de este título, a los fines de obtener el reembolso de los gastos en que haya incurrido, y de conseguir que el alimentante continúe prestando los alimentos."*

En el caso de autos, no existe controversia que el Departamento de Salud y Servicios de Rehabilitación del Estado de Florida ha suministrado alimentos a la menor, hija de la peticionaria y del recurrido, por medio de asistencia económica. Por lo tanto y conforme el citado precepto, dicha entidad puede subrogarse en los derechos de la menor y reclamarlos judicialmente.

En cuanto a los derechos reclamables por la menor en situaciones como el caso de autos, el Tribunal Supremo de Puerto Rico ha resuelto que las sumas de dinero adeudadas por concepto de pensiones alimenticias ya devengadas pueden ser objeto de una acción ordinaria

e independiente de cobro de dinero. *Quiñones v. Jiménez*, 117 D.P.R. 1, 8 (1986). La reclamación presentada por el Estado de Florida, de este modo, constituía una acción en cobro de dinero por las pensiones atrasadas, a las cuales la menor tenía derecho.

Siendo la reclamación presentada una por atrasos en el pago de la pensión alimenticia ya establecida por el Tribunal de Florida, la demanda no es contraria al Artículo 147 del Código Civil, 31 L.P.R.A. sec. 566 (Sup. 1994) , que prohibe el pago retroactivo de alimentos.

El Tribunal de Instancia aparentemente también entendió que la reclamación de autos era contraria al artículo 146 del Código Civil, 31 L.P.R.A. sec. 565, el cual dispone que:

*"La cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo."*

La anterior disposición señala los factores que se utilizaran para la fijación de una pensión, una vez solicitada. Sin embargo, la misma no es de aplicación a una deuda anterior, por cuanto una pensión fijada por decreto judicial, como en el caso de autos, tan sólo puede ser modificada por orden del tribunal. *Otero Fernández v. Alguacil*, 116 D.P.R. 733, 746 (1985).

En conclusión, erró el Tribunal de Instancia al determinar que la reclamación presentada por el Procurador de Relaciones de Familia, en representación del Estado de Florida y la peticionaria, es contraria a los artículos 146 y 147 del Código Civil, siendo la misma una reclamación en conformidad con la Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos.

Por los fundamentos expresados, se expide el auto solicitado y se revoca el dictamen recurrido.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General